**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| D.G., by and through LOIDY TANG as Next Friend, individually and on behalf of a class, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DIVERSIFIED ADJUSTMENT SERVICE, INC, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1. Plaintiff, D.G. (a minor) by and through Loidy Tang as Next Friend (collectively "Plaintiff"), bring this action on behalf of a class defined herein against Defendant Diversified Adjustment Service, Inc., ("Defendant").

2. The Defendant debt collection agency improperly called Plaintiff D.G.'s cell phone using a predictive dialer accompanied with a prerecorded message as Plaintiff did not provide any prior express consent for his cell phone number to be dialed by defendant. Plaintiff complains that Defendant's conduct violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce); and 47 U.S.C. § 227 ("TCPA") *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

4. Venue and personal jurisdiction over Defendant in this District is proper because:

    a. Plaintiffs reside in the District;

    b. Defendant transacts business in the District via the telephone lines;

    c. Defendant's collection activities complained of occurred within the District; and

    d. Defendant is an Illinois licensed collection agency according to the Illinois Division of Professional Regulation.

**PARTIES**

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. Plaintiff has a cellular telephone assigned the telephone number XXX-XXX-3757 to which he makes and receives calls on and is generally in his possession. The first seven digits of Plaintiff D.G.'s cellular telephone number are redacted herein due to privacy considerations.

7. Diversified Adjustment Service, Inc principal place of business is 600 Coon Rapids Blvd, Coon Rapids, MN 55433. Service of Process in Illinois can be made on Defendant's registered agent, CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604.

**FACTS**

7. Plaintiff's mother, Loidy Tang is the subscriber of the cell phone service as the service is in her name and she pays for the cellular service.

8. Defendant uses a "Predictive Dialer" as that term has been defined by the Federal Communication Commission ("FCC").

9. Defendant's Predictive Dialer is capable of dialing telephone numbers without human intervention, and delivering an automated prerecorded message with text-to-speech customization to insert a person's name into the message.

10. Defendant's Predictive Dialer is programmed to eliminate phantom calls by leaving hold messages only as needed.

11. Defendant's Predictive Dialer is programmed to detect an answered call and transfer that call to a live operator in less than a second.

12. On information and belief the Predictive Dialer is programmed to dial in sequence telephone numbers telephone numbers that have been imputed into a data base; in short the Predictive Dialer dials one number and then moves on to the next number in the database, not calling the same number over and over.

13. Plaintiff makes and receives telephone calls on his cellular telephone number XXX-XXX-3757 and the cellular telephone is generally carried by Plaintiff.

14. On information and belief, Defendant obtained the cellular telephone number XXX-XXX-3757 by skip tracing.

15. After obtaining the telephone number XXX-XXX-3757 via on information and belief, Defendant intended to call it.

16. Defendant intended to reach a person whose telephone number corresponded with XXX-XXX-3757.

17. On March 23, 2011 at approximately 7:24 p.m. Defendant placed a phone call to the XXX-XXX-3757 telephone number.

18. The caller-id that corresponded to the March 23, 2011 at approximately 7:24 p.m. phone call is 1-800-504-8612.

19. 1-800-504-8612 is a number used by Defendant.

20. On March 23, 2011, Plaintiff received on Plaintiff's cellular telephone a call from defendant.

21. Plaintiff did not recognize the caller-id and handed the phone to his mother, Loidy Tang who heard the prerecorded message stating to the effect that Defendant was looking for Chivette Nelson and requested to have Chivette Nelson call Defendant's toll-free number.

22. The message contained a different voice when announcing the name Chivette Nelson which is text is text-to-speech customization that inserts, in part, the person's name of whom Defendant was looking for into the form prerecorded message and a reference number Defendant has assigned to that person's account.

23. Defendant is on constructive notice that Plaintiff is not Chivette Nelson, does not know Chivette Nelson, and that his cellular telephone number is not Chivette Nelson's. *D.K. v. Collecto, Inc.*, 11-cv-601, Doc. 1, Complt. (N.D. Ill. Jan. 27, 2011) (Castillo, J.) (similar TCPA class action).

24. On information and belief, given that the nature of a Predictive Dialer is to reach a large volume of persons quickly, Defendant has called thousands

of other cellular phone numbers using an automatic telephone dialing system, and a prerecorded voice.

25. Defendant could have determined that the telephone number ending in 3757 that it dialed was a cellular telephone number. *See e.g.*, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International for Clarification and Declaratory Ruling*, GC Docket No. 02-278, p. 9 n. 54 (Jan 4, 2008) ("*See 2003 TCPA Order*, 18 FCC Rcd at 14117, para. 170. *See also* DMA Wireless Number Suppression List at http://preference.the-dma.org/products/ wireless.shtml. Neustar also has available a service that provides data on numbers ported from wireline to wireless service on a daily basis. *See* http://www.tcpacompliance.com/.").

26. The Association of Credit and Collection Professionals ("ACA International") has stated that, "[I]t is clear [the FDCPA and TCPA] apply to consumers and non-consumers. Therefore, collectors should take steps to scan their collection lists and ensure debt collectors are contacting the correct consumer."

27. Upon information and belief, based upon the fact that plaintiff, a non-debtor, received calls made with a Predictive Dialer, that used Prerecorded Voice Messages and Artificial Voices, whatever steps defendant has taken to ensure it is contacting the correct consumer are insufficient.

28. ACA International has also concluded that, "[E]rroneously dialed numbers likely are not exempted from the [TCPA and FCC regulations] pertaining to autodialers and prerecorded messages. Thus, a debt collector may face liability

5

under the TCPA and corresponding FCC regulations for autodialed and prerecorded message calls placed to the wrong individual.").

## COUNT I - TCPA VIOLATION

29. Plaintiff incorporates paragraphs 1-28 above.

30. The Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in pertinent part:

> (b) Restrictions on use of automated telephone equipment.
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
> * * *
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

31. Defendant's phone call to Plaintiff and the Class' cellular telephones using automatic telephone dialing systems and/or an artificial or prerecorded voice, without express prior consent of the called party violated the TCPA.

32. 47 U.S.C. § 227(b)(3) provides:

> (3) **Private right of action**
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount

equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

33. Under the TCPA, Plaintiff is the "called party".

34. Under the TCPA, Plaintiff is "[a] person" seeking the private right of action available under 47 U.S.C. § 227(b)(3) and its subsections.

35. Plaintiff a non-consumer has standing to pursue a TCPA claim. *Stuart v. AR Resources, Inc.*, 10-3520, 2011 WL 904167 (E.D. Pa. March 16, 2011).

## TCPA CLASS ALLEGATION

36. Plaintiff brings this class action seeking damages on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

37. Plaintiff also brings this class action seeking declaratory and injunctive relief to prohibit Defendant from placing future telephone calls with an automatic telephone dialing service and/or an artificial or prerecorded voice to persons who did not provide prior express consent for their cellular telephone number to be called by Defendant.

38. The class consists of: (a) all natural persons with a cellular telephone number (b) with service provided by either T-Mobile, Sprint, Verizon Wireless, AT&T, or U.S. Cellular (c) that was called by Defendant on March 23, 2011 (d) using an artificial or prerecorded voice (e) where defendant's records show that the call was received (f) where no prior express consent existed for Defendant to call that cellular telephone number.

39. There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

40. The predominant question is whether calling persons' cellular telephones with an artificial or prerecorded voice without prior express consent violated the TCPA.

41. The class is so numerous that joinder of all the members is impractical.

42. On information and belief there are 40 persons who are identified by the class definition above.

43. Plaintiff will fairly and adequately represent the members of the class.

44. Plaintiff has retained experienced counsel in TCPA matters and class action litigation.

45. A class action is superior for the fair and efficient adjudication of this matter in that:

   a. Defendant's course of conduct affects a large group of individuals;

   b. Multiple individual actions are not judicially economical; and

   c. The Class members are unaware that their rights have been violated.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment against Defendant for:

   (1) Appropriate statutory damages under the TCPA;

   (2) Costs of litigation; and

   (3) An injunction prohibiting defendant from future violations of the TCPA with respect to plaintiff

and the class, along with corresponding declaratory relief.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner     (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

**DISOVERY PRESERVATION DEMAND**

PLEASE TAKE NOTICE, that Plaintiff demands that Defendant take all steps to: (1) preserve all telephone numbers that it called on March 23, 2011; (2) Determine immediately which telephone numbers it called on March 23, 2011, were calls placed to cell phones; (3) preserve its records as to those persons who received a phone call on March 23, 2011; (4) preserve its records as to those phone calls received on March 23, 2011, that used a prerecorded message and/or artificial voice; and (5) to preserve its records regarding whether it had any prior express consent to place any call on March 23, 2011.

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner     (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)