IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| D.G., by and through LOIDY TANG as Next Friend, individually and on behalf of a class, | ) ) ) 11 C 2062 |
| Plaintiff, | ) Judge Lefkow |
| v. | ) Magistrate Judge Cox |
| DIVERSIFIED ADJUSTMENT SERVICE, INC, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

NOW COMES, Plaintiff D.G., by and through Loidy Tang as Next Friend, ("Plaintiff"), individually and on behalf of a class by and through his counsel and requests this Honorable Court to enter an order determining that Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA") may proceed as a class against Defendant Diversified Adjustment Service, Inc., ("Defendant").

Plaintiff requests that this Honorable Court certifies the proposed class as follows:

(a) all natural persons with a cellular telephone number (b) with service provided by either T-Mobile, Sprint, Verizon Wireless, AT&T, or U.S. Cellular (c) that was called by Defendant on March 23, 2011 (d) using an artificial or prerecorded voice (e) where defendant's records show that the call was received (f) where no prior express consent existed for Defendant to call that cellular telephone number.

Plaintiff also requests that Plaintiff through Plaintiff's Next Friend be appointed as the class representative and Plaintiff's counsel be appointed as class counsel.

In support of this motion, Plaintiff states:

## NATURE OF THE TCPA CLASS CLAIM

1. Plaintiff complains that Defendant used a predictive dialer with a prerecorded message to call Plaintiff's cellular telephone without Plaintiff's express prior consent. (Complt. ¶¶ 2, 8-23).

2. Likewise, Plaintiff asserts class allegations that Defendant also engage in the same conduct of using a predictive automated dialer with a prerecorded message to call class members' cellular telephones without their express prior consent.

## CLASS CERTIFICATION REQUIREMENTS

3. All of the requirements of Rule 23(a), (b)(2) and (b)(3) are satisfied here.

4. Survey research demonstrates that 7%-9% of the general public have cellular telephones only. Exhibits A & B. Such statistics help bolster the probability that numerosity for this national class action is met.

5. Predictive autodialers are typically used in to attempt to reach a high volume of persons, See Exhibit C, and the proposed class definition is nationwide in scope. Therefore on information and belief there are more than 40 persons in the proposed class. Discovery will determine the correct number of persons in the class.

6. There are questions of law and fact common to the class, which common questions predominate over any question relating to individual class members.

7. Here, the common questions of fact and law are whether Defendant obtained persons' cell phone numbers through skip tracing and called those numbers with a predictive autodialer without their express prior consent.

8. Plaintiff's claim involving an impermissible autodialed telephone call placed by Defendant using a prerecorded message to his cellular telephone without his prior express

consent is typical to those of the class members as it is based on the same factual and legal theories.

9. Injunctive relief is proper to stop Defendant from in the future from using its predictive dialer with a prerecorded message to call class members who have not provided express prior consent for Defendant's phone calls.

10. Plaintiff will fairly and adequately represent the class members and is aware of the claims brought on behalf of the class.

11. Plaintiff has also retained counsel experienced in consumer class action litigation. The declaration of Plaintiff's counsel Curtis C. Warner of Warner Law Firm, LLC, <u>Exhibit D</u>, is attached hereto.

12. A class action is superior for the fair and efficient adjudication of this matter, in that, individual actions are not economically feasible and embers of the class are likely to be unaware of their rights and the wrong that has been committed by Defendant.

13. In further support of this motion, Plaintiff submits the accompanying memorandum of law.

## CONCLUSION

WHEREFORE, for the reasons above and in Plaintiff's memorandum, Plaintiff requests this Honorable Court to certify the class above, appoint Plaintiff through Plaintiff's Next Friend as the class representative, and appoint Plaintiff's counsel as class counsel for the class because the requirements of Rules 23(a), (b)(2) and (b)(3) are satisfied.

Respectfully submitted,

<u>s/ Curtis C. Warner</u>
Curtis C. Warner

Curtis C. Warner, Warner Law Firm, LLC, 155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601 (312) 238-9820 (TEL)

3