**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| D.G., by and through | ) | |
| LOIDY TANG as Next Friend, | ) | |
| individually and on behalf of a class, | ) | 11 C 2062 |
| | ) | |
| Plaintiff, | ) | Judge Joan H. Lefkow |
| | ) | |
| v. | ) | |
| | ) | |
| DIVERSIFIED ADJUSTMENT SERVICE, | ) | |
| INC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL AUTHORITY
IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

NOW COMES, Plaintiff D.G., by and through Loidy Tang as Next Friend ("Plaintiff") and motions this Honorable Court for leave to file Supplemental Authority, *Anderson v. AFNI, Inc.*, 10-4064, 2011 WL 1808779 (E.D. Pa. May 11, 2011), a copy of which is attached hereto as Appendix 1, in support of Plaintiff's Response in Opposition to Dismiss Plaintiff's claim under the Telephone Communication Protection Act.

In support of this Motion Plaintiff states:

1. On April 28, 2011, Plaintiff filed the Response in Opposition to Defendant's Motion to Dismiss. (Doc. 14). On May 11, 2011, the opinion of *Anderson v. AFNI, Inc.*, 10-4064, 2011 WL 1808779 (E.D. Pa. May 11, 2011) was issued.

2. The *Anderson* court addressed the issue of "called party" standing under the Telephone Consumer Protection Act ("TCPA").

3. In *Anderson*, the defendant made the same arguments that Defendant Siegel is making in this case, that "'an unintended recipient of a telephone call lacks standing to bring suit under the TCPA.'" *Id*., at * 7.

4. The *Anderson* court rejected the same "intended recipient" argument, Defendant Diversified Adjustment Service, Inc., makes here, based upon the language in *Kopff v. World Research Group*, LLC, 568 F.Supp.2d 39 (D .D.C. 2008), *Leyse v. Bank of America, Nat'l Assoc.*, 2010 WL 2382400 (S.D.N.Y. 2010), and *Cellco P'ship v. Dealers Warranty, LLC*, 2010 WL 3946713 (D.N.J. 2010), stating:

> If we assume that the term 'called party' is synonymous with 'intended recipient' (and does not refer to the person who received the call and hence was 'called'), we nonetheless do not believe that granting standing to persons other than 'called parties' does any violence to the statute itself or to its application in practice.
>
> After all, the exception for calls 'made with the prior express consent of the called party' can operate to protect a defendant from liability even if someone other than the 'called party' seeks to bring suit.
>
> * * *
>
> The fundamental point is that § 227(b)(3) unambiguously grants standing to any 'person or entity,' and this grant does not contradict the rest of the statute. Consequently, we need not consider whether extending standing beyond 'called parties' is workable in practice, and we certainly need not investigate whether the legislative history of the TCPA supports restricting standing only to 'telephone subscribers,' as [the defendant] urges.
>
> The TCPA makes plain that the only limitations on standing under the statute are those imposed by constitutional and prudential requirements. Because [the plaintiff] has met these requirements, she has standing to assert her TCPA claims.

*Anderson*, 2011 WL 1808779 * 8 (line breaks supplied).

5. This Court should adopt the Anderson court's analysis, and deny Defendant's motion to dismiss.

WHEREFORE, Plaintiff requests this Honorable Court to permit Plaintiff to file as Supplemental Authority, *Anderson v. AFNI, Inc.*, 10-4064, 2011 WL 1808779 (E.D. Pa. May 11, 2011),

        Respectfully submitted,

        s/ Curtis C. Warner
          Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner (6282197) | Alexander H. Burke |
| cwarner@warnerlawllc.com | Burke Law Offices, LLC |
| Warner Law Firm, LLC | 155 N. Michigan Ave., Suite 9020 |
| Millennium Park Plaza | Chicago, IL 60601 |
| 155 N. Michigan Ave. Ste. 560 | (312) 729-5288 |
| Chicago, Illinois 60601 | (312) 729-5289 (fax) |
| (312) 238-9820 (TEL) | ABurke@BurkeLawLLC.com |