**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| D.G., by and through ) | | |
| LOIDY TANG as Next Friend, ) | | |
| individually and on behalf of a class, ) | | 11 C 2062 |
| ) | | |
| Plaintiff, ) | | Judge Joan H. Lefkow |
| ) | | |
| v. ) | | |
| ) | | |
| DIVERSIFIED ADJUSTMENT SERVICE, ) | | |
| INC, ) | | |
| ) | | |
| Defendant. ) | | |

**PLAINTIFF'S MOTION FOR LEAVE TO CITE
SUPPLEMENTAL AUTHORITY
IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

NOW COMES, Plaintiff D.G., by and through Loidy Tang as Next Friend ("Plaintiff") and motions this Honorable Court for leave to cite Supplemental Authority, *D.G. v. William W. Siegel & Associates, Attorneys at Law, LLC*, 11 C 599, Doc. 37, Memorandum Opinion, (N.D. Ill. June 14, 2011) (Kocoras, J.), a copy of which is attached hereto as <u>Appendix 1</u>, in support of Plaintiff's Response in Opposition to Dismiss Plaintiff's claim under the Telephone Communication Protection Act.

In support of this Motion Plaintiff states:

1. On April 28, 2011, Plaintiff filed the Response in Opposition to Defendant's Motion to Dismiss. (Doc. 14).

2. On June 14, 2011, the opinion in *D.G. v. William W. Siegel & Associates, Attorneys at Law, LLC.*, was issued.

3. In *Siegel* the court addressed and rejected the exact same argument regarding standing under the Telephone Consumer Protection Act ("TCPA") that Defendant makes here.

4. In *Siegel*, the court relying on 47 U.S.C. § 227(b)(3) which provides, a that a "'person' the right to sue any person violating this provision[,]" held:

> Plaintiff, a 'person,' alleges that Siegel violated the TCPA by using an automatic telephone dialing system, referred to as a predictive dialer, to call Plaintiff's cellular telephone. Comparing the plain text of the TCPA with Plaintiff's allegations, Plaintiff alleges sufficient facts to demonstrate that he has a right to sue Siegel under the TCPA. Accordingly, Plaintiff has statutory standing to assert a TCPA claim against Siegel.

*Id*., at p. 4.

5. The *Siegel* court in rejecting that in order for a person to have standing they must be the "party [the defendant] intended to call" held that:

> Significantly, the term 'called party' is only used in the exception to the statute and does not define who may sue under the statute. Thus, Plaintiff need not be a 'called party' to assert a TCPA claim. Further, according to the allegations of the Amended Complaint, Siegel did not have Plaintiff's prior express consent, so this Court need not determine whether the exception applies . . . .

*Id*., at p. 5.

6. Finally, the *Siegel* court held:

Even if the TCPA only affords a right of relief to the 'called party,' this Court finds that Plaintiff was the called party because Siegel intended to call Plaintiff's cellular telephone number and Plaintiff is the regular user and carrier of the phone.

*Id*., at p. 5.

7. This Court should adopt the *Siegel* court's analysis based on similar facts alleged here, and deny Defendant's motion to dismiss.

2

WHEREFORE, Plaintiff requests this Honorable Court to permit Plaintiff to cite as supplemental authority in opposition to Defendant's motion to dismiss, *D.G. v. William W. Siegel & Associates, Attorneys at Law, LLC*, 11 C 599, Doc. 37, Memorandum Opinion, (N.D. Ill. June 14, 2011) (Kocoras, J.).

                              Respectfully submitted,

                              <u>s/ Curtis C. Warner</u>
                                 Curtis C. Warner

Curtis C. Warner    (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)