**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| D.G., by and through | ) | |
| LOIDY TANG as Next Friend, | ) | |
| individually and on behalf of a class, | ) | 11 C 2062 |
| | ) | |
| Plaintiff, | ) | Judge Joan H. Lefkow |
| | ) | |
| v. | ) | |
| | ) | |
| DIVERSIFIED ADJUSTMENT SERVICE, | ) | |
| INC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO CITE
SUPPLEMENTAL AUTHORITY
IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

NOW COMES, Plaintiff D.G., by and through Loidy Tang as Next Friend ("Plaintiff") and motions this Honorable Court for leave to cite Supplemental Authority, *Tang v. Medical Recovery Specialists, LLC*, 11 C 2109, Doc. 25, (N.D. Ill. July 7, 2007) (Holderman, C.J), a copy of which is attached hereto as <u>Appendix 1</u>, in support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss.

In support of this Motion Plaintiff states:

1.      On April 28, 2011, Plaintiff filed the Response in Opposition to Defendant's Motion to Dismiss. (Doc. 14).

2.      On July 7, 2011, Chief Judge Holderman issued his opinion in *Medial Recovery Specialists, LLC* denying that defendant's motion to dismiss the plaintiff's claims under the Telephone Communication Protection Act ("TCPA").

3.     In *Medial Recovery Specialists, LLC*., the Chief Judge addressed and rejected the exact same argument regarding standing under the TCPA that Defendant makes here, that under the TCPA standing is only available to the "*intended recipient of the call*", the party that Defendant was trying to reach, not the person who actually received the phone call.

4.     Chief Judge Holderman's opinion, in pertinent part, is as follows:

Judge Kocoras of this district recently addressed this same issue in *Tang v. William W. Siegel & Associates*, No. 11 C 599, 2011 WL 2356390 (N.D. Ill. June 14, 2011). This court is persuaded by Judge Kocoras's reasoning in *Tang* and adopts it here. Specifically, in *Tang*, Judge Kocoras rejected the defendant's argument that only the "called party"–interpreted by the defendant in *Tang* as referring to the party the defendant "intended to call"–had standing to sue under § 227(b)(1). Judge Kocoras explained that "called party," as that term appears in § 227(b)(1) of the TCPA, does not define who has standing to sue, but rather refers to the statute's limited exception for calls made with the "prior consent of the called party." *See* 47 U.S.C. § 227(b)(1)(A). Accordingly, a plaintiff suing under § 227(b)(1) need not be a "called party." *Tang*, 2011 WL 2356390, at *2. Moreover, even assuming that being a "called party" was a requisite to establish standing, Judge Korcoras further found that the plaintiff was in fact the "called party" because the defendant "intended to call Plaintiff's cellular telephone number and Plaintiff is the regular user and carrier of the phone." *Id.*

Similarly in this case, Tang has alleged sufficient facts to establish her standing to sue under the TCPA. She alleges that Medical Recovery used a "predictive dialer" to leave a prerecorded message on her phone without her prior consent. (Compl. ¶¶ 10, 17-21, 28.) Whether Medical Recovery mistakenly believed that a different individual was the subscriber of the cellular telephone number assigned to Tang does not impact Tang's standing to sue. Consequently, Medical Recovery's Motion to Dismiss Tang's TCPA claim is denied.

*Medial Recovery Specialists, LLC*., p. 3.

5.     This Court should adopt Chief Judge Holderman's opinion in *Medial Recovery Specialists, LLC*., as the court's analysis is based on similar allegations made here and deny Defendant's motion to dismiss.

WHEREFORE, Plaintiff requests this Honorable Court to permit Plaintiff to cite as supplemental authority in opposition to Defendant's motion to dismiss, *Tang v. Medical Recovery Specialists, LLC*, 11 C 2109, Doc. 25,  (N.D. Ill. July 7, 2007) (Holderman, C.J.).

Respectfully submitted,

<u>s/ Curtis C. Warner</u>
Curtis C. Warner

Curtis C. Warner        (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

3