**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| D.G., by and through | ) | |
| LOIDY TANG as Next Friend, | ) | |
| individually and on behalf of a class, | ) | 11 C 2062 |
| | ) | |
| Plaintiff, | ) | Judge Joan H. Lefkow |
| | ) | |
| v. | ) | |
| | ) | |
| DIVERSIFIED ADJUSTMENT SERVICE, | ) | |
| INC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO CITE**
**SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

NOW COMES, Plaintiff D.G., by and through Loidy Tang as Next Friend ("Plaintiff") and motions this Honorable Court for leave to cite Supplemental Authority, *Soppet et al. v. Enhanced Recovery, Co.*, 10 C 5469, Doc. 69, (N.D. Ill. August 22, 2011) (Kennelly, J.), a copy of which is attached hereto as <u>Exhibit A</u>, in support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss.

In support of this Motion Plaintiff states:

1.    On April 28, 2011, Plaintiff filed the Response in Opposition to Defendant's Motion to Dismiss. (Doc. 14).

2.    On August 22, 2011, Judge Kennelly issued his opinion in *Soppet et al. v. Enhanced Recovery, Co.*, denying that defendant's motion for summary judgment on the plaintiffs' claims under the Telephone Communication Protection Act ("TCPA").

3.      In *Enhanced Recovery, Co.*, Judge Kennelly addressed and rejected the exact same argument regarding standing under the TCPA that Defendant makes here, that under the TCPA standing is only available to the "intended recipient of the call"; the party that Defendant was trying to reach, not the person who actually received the phone call.

4.      Judge Kennelly's opinion, in pertinent part, is as follows:

ERC's first argument is that Soppet and Tang were not the "called parties" or the intended recipients of the call and that for this reason they lack standing to sue under section 227(b)(1). The Court disagrees and, in this regard, adopts the discussion of this point by its colleagues Judge Charles Kocoras and Chief Judge James Holderman. See *Tang v. Medical Recovery Specialists, LLC*, No. 11 C 2109, slip op. at 3 (N.D. Ill. July 7, 2011); D.*G. ex rel. Tang v. William W. Siegel & Assocs.*, No. 11 C 599, 2011 WL 2356390, at *2 (N.D. Ill. June 14, 2011). To put it in a nutshell, the statutory term 'called party' is in the statute as part of a consent defense, not as a limitation on who may sue for a violation of the statute. The plain language of section 227(b)(1) makes it clear that the 'recipient' of a call violative of that provision may sue – not merely, as ERC argues, the 'intended recipient.' Soppet and Tang were the recipients of the calls at issue in this case.

Section 227 contains no express definition of the term "called party." Section 227(b)(1) uses the term 'recipient' in referring to statutory coverage of calls made from outside the United States to persons within the United States. One might infer from this that the term 'called party,' used later in section 227(b)(1), means something other than 'recipient.' But the usage of 'called party' in section 227(b)(1) and the remainder of section 227 makes it clear, in the Court's view, that the 'called party' is the party that the caller actually calls – in other words, the actual recipient of the call. In particular, section 227(d), which concerns the establishment of technical and procedural standards for facsimile machines and automated telephone dialing systems, provides among other things that

> [t]he Commission shall prescribe technical and procedural standards for systems that are used to transmit any artificial or prerecorded voice message via telephone. Such standards shall require that--
> (A) all artificial or prerecorded telephone messages (i) shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and (ii) shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual; and
> (B) any such system will automatically release the called party's line within 5 seconds of the time notification is transmitted to the system that

> the called party has hung up, to allow **the called party's line** to be used to make or receive other calls.

47 U.S.C. § 227(d)(3). This statutory usage of 'called party' is a clear reference to the actual recipient of a call – it requires establishment of a standard that will release the call recipient's line under particular circumstances.

The law presumes that "Congress intended the same terms used in different parts of the same statute to have the same meaning," *Perry v. First Nat'l Bank*, 459 F.3d 816, 820-21 (7th Cir. 2006), and there is nothing here to rebut the presumption. The Court concludes that the term 'called party' in section 227(b)(1) refers to the actual recipient of a call, just as it does in section 227(d)(3). As a result, Soppet and Tang are the 'called parties' with regard to the calls at issue in this case. Because there is no evidence that they expressly consented to receive calls from ERC, ERC is not entitled to the benefit of section 227(b)(1)'s exception to liability.

*Enhanced Recovery, Co.*, pp. 2-3

5.      This Court should adopt Judge Kennelly's opinion in *Enhanced Recovery, Co.*, as the court's analysis is based on similar allegations made here and deny Defendant's motion to dismiss.

WHEREFORE, Plaintiff requests this Honorable Court to permit Plaintiff to cite as supplemental authority in opposition to Defendant's motion to dismiss, *Soppet et al. v. Enhanced Recovery, Co.*, 10 C 5469, Doc. 69,  (N.D. Ill. August 22, 2011) (Kennelly, J.).

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner       (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)