Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2062 | **DATE** | 10/18/2011 |
| **CASE TITLE** | D.G. vs. Diversified Adjustment Service, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [#11] is denied. Defendant to answer complaint by 11/1/2011. Status hearing is set for 11/8/2011 at 8:30 a.m. *See statement below*.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

D.G. (a minor) by and through Loidy Tang, filed this putative class action against Diversified Adjustment Service, Inc. ("Diversified"), alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Before the court is Diversified's motion to dismiss for lack of statutory standing pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion [#11] will be denied.

Background

D.G. is the primary user of a cell phone which is assigned the telephone number XXX-XXX-3757. (Compl. ¶ 6). D.G.'s mother, Tang, pays for the cell phone service. (*Id.* ¶ 8). Diversified is a debt collection agency that uses a predictive dialer to call telephone numbers and leave automated prerecorded voice messages. (*Id.* ¶ 8–9). Diversified's predictive dialer is programmed to dial telephone numbers that have been entered into a database. It dials these numbers in sequence and is programmed to detect an answered call and transfer the call to a live operator in less than one second.

On March 23, 2011, Diversified called D.G.'s cell phone. (*Id.* ¶ 17). D.G. did not recognize the caller-id number and handed the phone to Tang, who answered the call. Tang heard a prerecorded message stating that Diversified was looking for Chivette Nelson and that Nelson should call Diversified's toll-free telephone number. (*Id.* ¶ 21). On information and belief, Diversified obtained the number XXX-XXX-3757 by using a skip tracer for Chivette Nelson. D.G. does not know Chivette Nelson and did not consent to Diversified's call. (*Id.* ¶ 2).

**STATEMENT**

Legal Standard

Diversified argues that the complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, Rule 12(b)(6). Diversified's motion rests on the theory that the TCPA does not provide D.G. with a claim. This question is one of "statutory standing" and is properly evaluated under Rule 12(b)(6) because it does not implicate the court's statutory or constitutional power to adjudicate the case. *See Kohen* v. *Pacific Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009); *Steel Co.* v. *Citizens for a Better Env't*, 523 U.S. 83, 90, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In reviewing a Rule 12(b)(6) motion, the court takes as true all facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Dixon* v. *Page*, 291 F.3d 485, 486–87 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must provide the defendant with notice of the claims and establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 742–43 (7th Cir. 2010). Rather, it is the facts that count.

Analysis

Diversified argues that the TCPA does not provide D.G. with a cause of action because D.G. was not the intended recipient of the automated call. The TCPA makes it unlawful for any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent *of the called party*) using any automatic telephone dialing system or an artificial or prerecorded voice – . . .
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service *for which the called party is charged* for the call;
>
> (B) to initiate any telephone call to any residential telephone using an artificial or prerecorded voice to deliver a message without the prior express consent *of the called party*, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission . . . .

47 U.S.C. § 227(b)(1) (emphasis added). Significantly, the statute does not define the term "called party." As Diversified interprets the TCPA, the term must refer to the intended recipient of an automated phone call, in this case, Chivette Nelson. Diversified concludes that the TCPA does not afford a cause of action for D.G. because he was not the intended recipient of the call.

The issue presented is one of statutory interpretation, and the court may look to the TCPA's language, structure, and legislative history. *See Mallett* v. *Wisc. Div. of Vocational Rehab.*, 130 F.3d 1245, 1250 (7th Cir. 1997). Diversified's argument is clearly contrary to the section of the TCPA that creates a private right of action. That section provides that "[a] person or entity" may bring an action "based on a violation" of the prohibition on the use of automated dialers so long as the action is "otherwise permitted by the laws or rules of court of a State." 47 U.S.C. § 227(b)(3). Nothing in this provision indicates that a private right of action

**STATEMENT**

is limited to the "called party."

D.G.'s complaint alleges that Diversified used an automated dialer to call his cell phone and leave a prerecorded message without his consent. As such, he was the called party. Thus the complaint has alleged facts sufficient to establish a violation of the TCPA. Under the statute's broadly-worded right of action provision, D.G. can bring a claim against Diversified. *See D.G.* v. *William W. Siegel & Assocs.*, --- F. Supp. 2d. ----, 2011 WL 2356390, at *1 (N.D. Ill. Jun. 14, 2011) (unintended recipient of call has standing to sue under TCPA); *Soppet* v. *Enhanced Recovery Co.*, No. 10 C 5469, 2011 WL 3704681, at *2 (N.D. Ill. Aug. 21, 2011) (same); *Tang* v. *Med. Recovery Specialists, LLC*, No. 11 C 2109, slip op. at 3 (N.D. Ill. Jul. 7, 2011) (same); *Anderson* v. *AFNI, Inc.*, No. 10-4064, 2011 WL 1808779, at *7–8 (E.D. Pa. May 11, 2011) (same); *but see Cellco P'ship* v. *Dealers Warranty, LLC*, No. 09-1814, 2010 WL 3946713, at *9 (D.N.J. Oct. 5, 2010) (only the person to whom the call is directed has standing under the TCPA); *Leyse* v. *Bank of Am., Nat'l Ass'n*, No. 09 Civ. 7654(JGK), 2010 WL 2382400, at *4 (S.D.N.Y. Jun. 14, 2010) (same).

In addition, the language and structure of the TCPA indicate that the term "called party" refers to the actual recipient and not the intended recipient of a call. The term first appears in section 227(b)(1) where the statute sets forth the affirmative defense of express consent. *See* 47 U.S.C. § 227(b)(1) (automated calls are prohibited unless they are made with the "express consent of the called party"). Section 227(d), which describes the technical and procedural standards for fax machines and automated dialing systems, also uses the term "called party." It provides that any system must "automatically release the *called party's* line within 5 seconds of the time notification is transmitted to the system that *the called party* has hung up, to allow *the called party's* line to be used to make or receive other calls." 47 U.S.C. § 227(d) (emphasis added). Section 227(d)'s "use[] of 'called party' is a clear reference to the actual recipient of a call–it requires establishment of a standard that will release the call recipient's line under particular circumstances." *Soppet*, 2011 WL 3704681, at *2. The court presumes that Congress intended that the term "called party" would have the same meaning in section 227(b)(1) as it does in section 227(d). *Id.* (citing *Perry* v. *First Nat'l Bank*, 459 F.3d 816, 820–21 (7th Cir.2006)). Therefore the actual recipient of the call, D.G., is the "called party."

Diversified cites *Cellco* and *Leyse* in support of its argument that the unintended recipient of a call does not have standing under the TCPA. Both cases are factually distinguishable and, to the extent that they offer interpretations of the TCPA that extend to situations other than the facts presented, the court respectfully disagrees with the reasoning therein. In *Leyse*, a marketing service attempted to call the primary user and subscriber of a residential telephone line on behalf of Bank of America. It was undisputed that the primary user was associated with the phone number listed in the marketing service's records and that the primary user was also the subscriber to the phone line. The user's roommate answered the call. 2010 WL 2382400, at *2. The court dismissed the roommate's complaint against Bank of America on the grounds that he was an unintended and incidental recipient of a valid call. *Id.* at *4. Here, Diversified did not have consent to call the phone number associated with Chivette Nelson and D.G. was the regular user of the number that was called. In *Cellco*, two service providers, Verizon Wireless and OnStar, brought claims on behalf of subscribers who had allegedly received over eight million unsolicited telemarketing calls. 2010 WL 3946713, at *2. D.G., in contrast, received the call from Diversified and is bringing a claim on his own behalf.[1]

Diversified also argues that it would be unduly burdensome for defendants to prove that they had consent from the intended recipients of every call. The Federal Communications Commission has made clear, however, that consent is an affirmative defense that is not part of a plaintiff's *prima facie* case under the TCPA. *See* 23 F.C.C.R. 559, 565 (Dec. 28, 2007) ("To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that

**STATEMENT**

the creditor should be responsible for demonstrating that the consumer provided prior express consent."). Thus the burden rests on the defendant to show that it obtained consent. *Id.* Diversified's argument is without merit.

For the foregoing reasons, Diversified's motion to dismiss [#11] is denied.

1. In addition, both *Cellco* and *Leyse* cite *Kopff* v. *World Research Group, LLC*, 568 F. Supp. 3d 39 (D.D.C. 2008), for the proposition that only the intended recipient of a call has a cause of action under the TCPA. *Kopff* held that an administrative assistant who picked up a fax from an office fax machine could not bring a TCPA claim when the fax was clearly addressed to the president of the company. The court noted that it "might think otherwise were the faxes addressed generically – *e.g.* to 'Employee of Heritage Management' – or were they not addressed at all." 568 F. Supp. 3d at 41. *Kopff* does not address whether an unintended recipient of a call can bring a TCPA claim and, as the quoted language suggests, the court might have decided the issue differently were it not clear that the fax was addressed to someone other than the plaintiff.