**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| D.G., by and through LOIDY TANG as Next Friend, individually and on behalf of a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-C-02062 |
| | ) |
| DIVERSIFIED ADJUSTMENT SERVICE, INC., | ) Judge Lefkow |
| | ) |
| Defendant. | ) |
| | ) |

<u>**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT-CLASS ACTION**</u>

NOW COMES Defendant Diversified Adjustment Service, Inc., by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint states as follows:

**INTRODUCTION**

1.      Plaintiff, D.G. (a minor) by and through Loidy Tang as Next Friend (collectively "Plaintiff"), bring this action on behalf of a class defined herein against Defendant Diversified Adjustment Service, Inc., ("Defendant").

**ANSWER:**      Admitted.

2.      The Defendant debt collection agency improperly called Plaintiff D.G.'s cell phone using a predictive dialer accompanied with a prerecorded message as Plaintiff did not provide any prior express consent for his cell phone number to be dialed by defendant.  Plaintiff complains that Defendant's conduct violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:**      Defendant admits that it is a debt collection agency and admits that Plaintiff complains that Defendant's conduct violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and admits that Plaintiff claims that Plaintiff did not provide any prior express consent for his cell phone number to be dialed by defendant.  Defendant lacks sufficient information or knowledge to admit or deny whether it improperly called Plaintiff D.G.'s cell

phone.  Defendant admits that it utilizes prerecorded messages but states that it lacks sufficient information or knowledge to admit or deny whether Plaintiff heard any prerecorded message. Defendant objects to the undefined term "predictive dialer" and denies the remaining allegations.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce); and 47 U.S.C. § 227 ("TCPA") *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

**ANSWER:**    Denied.

4.     Venue and personal jurisdiction over Defendant in this District is proper because:

   a.     Plaintiffs reside in the District;

   b.     Defendant transacts business in the District via the telephone lines;

   c.     Defendant's collection activities complained of occurred within the District; and

   d.     Defendant is an Illinois licensed collection agency according to the Illinois Division of Professional Regulation.

**ANSWER:**    Notwithstanding the above objection and without waiving the same, Defendant admits the above allegations.

## PARTIES

5.     Plaintiff is an individual who resides in the Northern District of Illinois.

**ANSWER:**    Defendant lacks sufficient information or knowledge to admit the above allegation.

6.     Plaintiff has a cellular telephone assigned the telephone number XXX XXX-3757 to which he makes and receives calls on and is generally in his possession.  The first seven digits of Plaintiff D.G.'s cellular telephone number are redacted herein due to privacy considerations.

**ANSWER:**    Defendant lacks sufficient information or knowledge to admit the above allegations contained in the first sentence of paragraph 6 but admits the second sentence.

7.     Diversified Adjustment Service, Inc principal place of business is 600 Coon Rapids Blvd, Coon Rapids, MN 55433.  Service of Process in Illinois can be made on

2

Defendant's registered agent, CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604.

**ANSWER:**    Admitted.

## FACTS

7.    Plaintiff's mother, Loidy Tang is the subscriber of the cell phone service as the service is in her name and she pays for the cellular service.

**ANSWER:**    Defendant lacks sufficient information or knowledge to admit the above

allegations.

8.    Defendant uses a "Predictive Dialer" as that term has been defined by the Federal Communication Commission ("FCC").

**ANSWER:**    Defendant objects to the undefined term "predictive dialer."  Defendant,

however, admits that it utilizes a telephony system that dials pre-selected numbers and that its

collectors manually dial phone numbers.

9.    Defendant's Predictive Dialer is capable of dialing telephone numbers without human intervention, and delivering an automated prerecorded message with text-to-speech customization to insert a person's name into the message.

**ANSWER:**    Defendant objects to the undefined term "predictive dialer" and denies that

its telephony system is capable of dialing numbers without human intervention.  Defendant,

Defendant, however, admits that it utilizes a telephony system which is capable of delivering an

automated prerecorded message with text-to-speech customization to insert a person's name into

the message.

10.    Defendant's Predictive Dialer is programmed to eliminate phantom calls by leaving hold messages only as needed.

**ANSWER:**    Defendant objects to the undefined terms "predictive dialer" and

"phantom calls" and objects to the confusing nature of these allegations.  To the extent an answer

is required, these allegations are denied.

130203113v1  0922542

11.     Defendant's Predictive Dialer is programmed to detect an answered call and transfer that call to a live operator in less than a second.

**ANSWER:**     Defendant objects to the undefined terms "predictive dialer" and "programmed to detect an answered call."  To the extent an answer is required, Defendant admits that its telephony system is capable of detecting when a person answers a call.  All remaining allegations are denied.

12.     On information and belief the Predictive Dialer is programmed to dial in sequence telephone numbers telephone numbers that have been imputed into a data base; in short the Predictive Dialer dials one number and then moves on to the next number in the database, not calling the same number over and over.

**ANSWER:**     Defendant objects to the undefined terms "predictive dialer", "programmed to dial in sequence telephone numbers" and "then moves on to the next number in the database."  To the extent an answer is required, Defendant admits that its telephony system is programmed to dial numbers consistent with a dialing campaign.

13.     Plaintiff makes and receives telephone calls on his cellular telephone number XXX-XXX-3757 and the cellular telephone is generally carried by Plaintiff.

**ANSWER:**     Defendant lacks sufficient information or knowledge to admit the above allegations.

14.     On information and belief, Defendant obtained the cellular telephone number XXX-XXX-3757 by skip tracing.

**ANSWER:**     Admitted.

15.     After obtaining the telephone number XXX-XXX-3757 via on information and belief, Defendant intended to call it.

**ANSWER:**     Defendant admits that in intended to call XXX-XXX-3757 to contact the debtor in question, Chivette Nelson.

16.     Defendant intended to reach a person whose telephone number corresponded with XXX-XXX-3757.

4

**ANSWER:** Defendant admits that in intended to call XXX-XXX-3757 to contact the debtor in question, Chivette Nelson.

17.     On March 23, 2011 at approximately 7:24 p.m.  Defendant placed a phone call to the XXX-XXX-3757 telephone number.

**ANSWER:** Admitted.

18.     The caller-id that corresponded to the March 23, 2011 at approximately 7:24 p.m. phone call is 1-800-504-8612.

**ANSWER:** Defendant lacks sufficient information or knowledge to admit the above allegations.

19.     1-800-504-8612 is a number used by Defendant.

**ANSWER:** Admitted.

20.     On March 23,2011, Plaintiff received on Plaintiffs cellular telephone a call from defendant.

**ANSWER:** Defendant lacks sufficient information or knowledge to admit the above allegations.

21.     Plaintiff did not recognize the caller-id and handed the phone to his mother, Loidy Tang who heard the prerecorded message stating to the effect that Defendant was looking for Chivette Nelson and requested to have Chivette Nelson call Defendant's toll-free number.

**ANSWER:** Defendant lacks sufficient information or knowledge to admit the above allegations.

22.     The message contained a different voice when announcing the name Chivette Nelson which is text is text-to-speech customization that inserts, in part, the person's name of whom Defendant was looking for into the form prerecorded message and a reference number Defendant has assigned to that person's account.

**ANSWER:** Admitted.

23.     Defendant is on constructive notice that Plaintiff is not Chivette Nelson, does not know Chivette Nelson, and that his cellular telephone number is not Chivette Nelson's.  *D.K. v. Collecto, Inc*., 11-cv-601, Doc. 1, Complt. (N.D. Ill. Jan. 27, 2011) (Castillo, J.) (similar TCPA class action).

130203113v1 0922542

**ANSWER:** Defendant denies that it knew of these allegations at the time it called the subject number.

24. On information and belief, given that the nature of a Predictive Dialer is to reach a large volume of persons quickly, Defendant has called thousands of other cellular phone numbers using an automatic telephone dialing system, and a prerecorded voice.

**ANSWER:** Defendant objects to the undefined terms "Predictive Dialer" and " automatic telephone dialing system" but admits that it may have called thousands of other cellular phone numbers using a prerecorded voice.

25. Defendant could have determined that the telephone number ending in 3757 that it dialed was a cellular telephone number. *See e.g., In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International for Clarification and Declaratory Ruling*, GC Docket No. 02-278, p. 9 n. 54 (Jan 4, 2008) ("*See* 2003 TCPA Order, 18 FCC Rcd at 14117, para. 170. *See also* DMA Wireless Number Suppression List at http://preference.thedma.org/products/wireless.shtml. Neustar also has available a service that provides data on numbers ported from wireline to wireless service on a daily basis. *See* http://www.tcpacompliance.com/.").

**ANSWER:** Objection, this request is in the form of a legal conclusion. To the extent an answer is required, this allegation is denied.

26. The Association of Credit and Collection Professionals ("ACA International") has stated that, "[I]t is clear [the FDCPA and TCPA] apply to consumers and non-consumers. Therefore, collectors should take steps to scan their collection lists and ensure debt collectors are contacting the correct consumer."

**ANSWER:** Defendant admits that it now aware that the ACA has made the above statement.

27. Upon information and belief, based upon the fact that plaintiff, a non-debtor, received calls made with a Predictive Dialer, that used Prerecorded Voice Messages and Artificial Voices, whatever steps defendant has taken to ensure it is contacting the correct consumer are insufficient.

**ANSWER:** Denied.

28. ACA International has also concluded that, "[E]rroneously dialed numbers likely are not exempted from the [TCPA and FCC regulations] pertaining to autodialers and prerecorded messages. Thus, a debt collector may face liability under the TCPA and

6

corresponding FCC regulations for autodialed and prerecorded message calls placed to the wrong individual.").

**ANSWER:** Defendant admits that it now aware that the ACA has made the above statement.

## COUNT I - TCPA VIOLATION

29. Plaintiff incorporates paragraphs 1-28 above.

**ANSWER:** Defendant incorporates its answers to paragraphs 1-28 above.

30. The Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in pertinent part:

(b) Restrictions on use of automated telephone equipment.
(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-
\*\*\*
(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; ...

**ANSWER:** Admitted.

31. Defendant's phone call to Plaintiff and the Class' cellular telephones using automatic telephone dialing systems and/or an artificial or prerecorded voice, without express prior consent of the called party violated the TCPA.

**ANSWER:** Denied.

32. 47 U.S.C. § 227(b)(3) provides:

(3) **Private right of action**
A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State —
(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

7

       (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

**ANSWER:**    Defendant admits that the TCPA provides a private right of action but denies that this Court has jurisdiction over this claim and denies that Plaintiff has standing to assert this claim.

33.    Under the TCPA, Plaintiff is the "called party".

**ANSWER:**    Denied.

34.    Under the TCPA, Plaintiff is "[a] person" seeking the private right of action available under 47 U.S.C. § 227(b)(3) and its subsections.

**ANSWER:**    Denied.

35.    Plaintiff a non-consumer has standing to pursue a TCPA claim. *Stuart v. AR Resources, Inc.*, 10-3520, 2011 WL 904167 (E.D. Pa. March 16, 2011).

**ANSWER:**    Denied.

## TCPA CLASS ALLEGATION

36.    Plaintiff brings this class action seeking damages on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

**ANSWER:**    Defendant admits that Plaintiff seeks the above relief, but denies that such relief should be granted.

37.    Plaintiff also brings this class action seeking declaratory and injunctive relief to prohibit Defendant from placing future telephone calls with an automatic telephone dialing service and/or an artificial or prerecorded voice to persons who did not provide prior express consent for their cellular telephone number to be called by Defendant.

**ANSWER:**    Defendant admits that Plaintiff seeks the above relief, but denies that such relief should be granted.

38.    The class consists of: (a) all natural persons with a cellular telephone number (b) with service provided by either T-Mobile, Sprint, Verizon Wireless, AT&T, or U.S. Cellular (c)

130203113v1  0922542

that was called by Defendant on March 23, 2011 (d) using an artificial or prerecorded voice (e) where defendant's records show that the call was received (f) where no prior express consent existed for Defendant to call that cellular telephone number.

**ANSWER:**    Defendant admits that Plaintiff has defined the class as alleged above, but denies that a class should be certified.

39.    There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

**ANSWER:**    Denied.

40.    The predominant question is whether calling persons' cellular telephones with an artificial or prerecorded voice without prior express consent violated the TCPA.

**ANSWER:**    Defined.

41.    The class is so numerous that joinder of all the members is impractical.

**ANSWER:**    Defendant lacks sufficient information or knowledge to admit or deny the above allegations.

42.    On information and belief there are 40 persons who are identified by the class definition above.

**ANSWER:**    Defendant denies that Plaintiff has properly identified a class and denies that certification is proper.  Defendant, however, admits that it has called over 40 cellular telephones.

43.    Plaintiff will fairly and adequately represent the members of the class.

**ANSWER:**    Denied.

44.    Plaintiff has retained experienced counsel in TCPA matters and class action litigation.

**ANSWER:**    Defendant admits that Plaintiff's counsel has litigated TCPA matters and class action litigation but denies the remaining allegations.

45.    A class action is superior for the fair and efficient adjudication of this matter in that:

        a.    Defendant's course of conduct affects a large group of individuals;

130203113v1  0922542

      b.      Multiple individual actions are not judicially economical; and

      c.      The Class members are unaware that their rights have been violated.

**ANSWER:**   Denied.

## AFFIRMATIVE DEFENSES

**I.**    **Due Process Clause of the Fifth Amendment to the United States Constitution**

1.    The TCPA allows a person to recover actual damages resulting from a violation of the statute or to receive $500.00 per violation, whichever is greater. The TCPA also provides for the trebling of damages if the violation was willful. 47 U.S.C. §227.

2.    If for the sake of argument, a TCPA class was certified and the class contained several thousand people, Defendant's liability to the classes potentially could be so great as to result in its insolvency.

3.    The liability that Defendant stands to possibly incur pursuant to the damages claimed by Plaintiff on behalf of the putative classes that it desires to represent is grossly disproportionate to the actual harm suffered by any individual putative class member, if any, such that the due process clause of the Fifth Amendment to the United States Constitution is violated.

4.    The due process clause of the Fifth Amendment to the United States Constitution prohibits an award of damages that would result in Defendant's insolvency, especially where, as here, the conduct that allegedly violated the TCPA did not cause actual injury or damages to the Plaintiffs or putative class members. *See Murray v. GMAC,* 434 F.3d 948 (7th Cir. 2006) *citing, State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408 (2003).

**II.**    **Lack of Subject Matter Jurisdiction**

1.    This Court lacks subject matter jurisdiction of this action under the TCPA.

130203113v1  0922542

2.      The TCPA provides that a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, an action for an injunction and/or damages.  47 U.S.C. § 227(b)(3).  The TCPA does not provide for federal jurisdiction.

3.      Several Courts of Appeals have ruled that a TCPA action may be brought only in state court, while some hold that a federal court can hear TCPA cases based upon diversity of citizenship.  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) states that a TCPA claim may be brought in a federal district court.

4.      The United States Supreme Court has not yet ruled on this issue of subject matter jurisdiction of actions under the TCPA.

5.      Congress, in the TCPA, has legislated that actions under the TCPA shall be brought in state court if otherwise permitted by the laws or rules of court of a State.  The TCPA provides that alleged claims such as those alleged by Plaintiffs or those of putative class members should be brought in state court if otherwise permitted by the laws or rules of court of a State.

6.      The Federal Communications Commission ("FCC") has indicated that a TCPA claim should be brought in state court.  *In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014 (FCC 2003) 18 FCC Rcd. 14041, 2003 WL 21517853, at *70.  *Brill* is contrary to the FCC's position in the above FCC Order and 47 U.S.C. §402, the Hobbs Act.

### III.     Lack of Subject Matter

1.      Plaintiff does not have standing to bring this action.

2.      Plaintiff was an unintended recipient of the alleged call on a cellular phone.

11

3.      Plaintiff is not within the zone of interests sought to be protected by the TCPA provisions whose alleged violations forms the legal basis of the Complaint.

4.      Therefore this Court does not have subject matter jurisdiction of this action.

**IV.  Statute of Limitations**

1.      The Plaintiffs' and any putative class members' alleged claims are barred by the two-year statute of limitation in 735 ILCS 5/13-202.

**V.      Consent**

1.      If any of the members of the putative class gave prior express consent to the original creditor or to Defendant, those members have no TCPA claim.

2.      This affirmative defense is asserted in the alternative to Defendant's argument and position that lack of consent is an element of a TCPA claim as to which Plaintiff has the burden of proof.

**VI.      Arbitration Clauses**

1.      If any of the members of the putative class are subject to arbitration clauses, those members have no TCPA claim.

**VII.      Setoff**

1.      To the extent any alleged claims by members of the putative class are subject to the doctrine of setoff or recoupment, the amounts owed on the underlying debt should be setoff against their alleged damages.

**VIII.      Plaintiff lacks Article III Standing**

1.      Plaintiff lacks Article III standing because she has failed to assert any actual damages. *See First American Financial Corporation vs. Edwards*, No. 10-708.

130203113v1 0922542

**JURY DEMAND**

To the extent allowed by law, Defendant demands a jury trial

**WHEREFORE**, Defendant prays that this Court enter judgment in its favor and against Plaintiff, dismiss the Complaint-Class Action and this action with prejudice, dismiss the alleged class action claims without prejudice, award Defendant its costs of this action, and award Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: s/James C. Vlahakis
James C. Vlahakis
Attorney for Defendant
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601-1081
tel: 312-704-3000
jvlahakis@hinshawlaw.com

13

130203113v1 0922542

I hereby certify that on November 1, 2011, I electronically filed the above document with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system.

By: /s/ James C. Vlahakis
James C. Vlahakis
Hinshaw & Culbertson LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
t 312-704-300
f 312-704-3001
jvlahakis@hinshawlaw.com

14

130203113v1 0922542