**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| D.G., by and through ) | | |
| LOIDY TANG as Next Friend, ) | | |
| individually and on behalf of a class, ) | | 11 C 2062 |
| ) | | |
| Plaintiff, ) | | Judge Joan H. Lefkow |
| ) | | |
| v. ) | | |
| ) | | |
| DIVERSIFIED ADJUSTMENT SERVICE, ) | | |
| INC, ) | | |
| ) | | |
| Defendant. ) | | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO A 21-DAY
EXTENSION FOR DEFENDANT TO RESPOND TO DISCOVERY**

NOW COMES, Plaintiff D.G., by and through Loidy Tang as Next Friend ("Plaintiff"), by and through Plaintiff's counsel and submits Plaintiff's response in opposition Defendant Diversified Adjustment Service, Inc.'s motion for a 21-day extension of time.

In opposition Plaintiff states as follows:

1. Defendant is attempting to stall the discovery process and set its own scheduled as illustrated by its November 23, 2011, untimely 26(a)(1) disclosures that were not produced until Plaintiff's counsel pressed Defendant's counsel on the issue. <u>Exhibit A</u>.

2. This Court had Ordered that the Rule 26(a)(1) disclosures were to be made on November 3, 2011. (Doc. 33).

3. Defendant's counsel, James C. Vlahakis, on November 8, 2011, acknowledged that Defendant's Rule 26 disclosures had not been made and represented to this Court that they would be promptly made.

4. Defendant's Rule 26(a)(1) disclosures demonstrate that it has no intention of participating in class discover, until after a class is certified

> **Rule 26(a)(1)(B):** A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.
>
> This case is presently an individual action. Accordingly, consistent with FRCP 1, Defendant reserves the right to identify class-based documents related to consent at a later date, assuming for the sake of argument that Plaintiff can maintain a class action.

<u>Exhibit B</u>

5. Defendant's motion does not state why it could not respond to the discovery, only that one of two of the attorneys who are representing Defendant in this matter had other cases.

6. "[D]efendants do not get to determine unilaterally the scope and timing of discovery." *Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 331 (N.D. Ind. 2004).

WHEREFORE, Plaintiff objects to a 21-day extension of time, 10-days from the date it was due, that date being December 8, 2011, would be more reasonable given that Defendant has made its intention clear that it is going to object to all of the class discovery.

        Respectfully submitted,

        <u>s/ Curtis C. Warner</u>
          Curtis C. Warner

Curtis C. Warner     (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)